UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| SHAWN SCHWEITZER,<br><br>Plaintiff,<br><br>vs.<br><br>MARTY LECOMPTE, INDIVIDUALLY;<br><br>Defendant. | 3:21-CV-03017-RAL<br><br>ORDER REQUIRING EXPLANATION OF FEDERAL JURISDICTION AND ANSWER |

On October 7, 2021, Plaintiff filed a Complaint naming as defendants Xavier Becerra, the Secretary of the United States Department of Health and Human Serviecs, Acting Director of Indian Health Services Elizabeth A. Fowler, and Marty LeCompte individually. LeCompte was served on February 4, 2022, but has not answered the Complaint. This Court entered Judgment of Dismissal of defendants Becerra and Fowler, Doc. 10, because they had not been served, Docs. 6 & 7, and plaintiff failed to show cause as to why the unserved defendants should not be dismissed.

The remaining defendant is LeCompte, an Aberdeen native who apparently is retired from being a Supervisory IT Specialist but previously supervised Schweitzer. The complaint alleges that beginning in September of 2012 and until Schweitzer received a temporary restraining order against LeCompte in March of 2018, LeCompte made a series of inappropriate statements to Schweitzer. Schweitzer's complaint enumerates claims for (1) sexual and disability harassment; (2) disability discrimination, (3) retaliation, and (4) intentional inflection of emotional distress.

This Court must assure itself of the existence of federal jurisdiction in every case. <u>Miller v. First Serv. Corp.</u>, 84 F.2d 680, 683 (8th Cir. 1936). There is an absence of diversity of citizenship in a dispute between Schweitzer who lives in Timber Lake, South Dakota, and LeCompte, an apparently retired federal employee living in Aberdeen, South Dakota. There must be federal question jurisdiction for this case to proceed. <u>See</u> 28 U.S.C. §§ 1331. A state-law claim for intentional infliction of emotional distress, unless there is supplemental jurisdiction based on an independent federal claim, should go forward in state or perhaps tribal court. <u>See generally</u> <u>Baker v. Martin Marietta Materials, Inc.</u>, 745 F.3d 919, 923–25 (8th Cir. 2014) (discussing removal of state law claims and federal question jurisdiction). So, for Schweitzer, this Court is interested in a filing explaining what independent federal cause of action exists here in a claim against LeCompte.

Meanwhile, LeCompte has not answered the complaint. If there is federal jurisdiction here, this Court should enter default judgement against LeCompte. Therefore, it is

ORDERED that Schweitzer is given 30 days within which to file an explanation of what federal claim exists against his former supervisor individually to support this Court's jurisdiction. It is further

ORDERED that LeCompte has 14 days to answer the complaint or risk having default judgment enter. It is finally

ORDERED that the Clerk of Court mail this order to both Schweitzer and Le Compte using the addresses of record.

DATED this 13th day of February, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE