# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# CENTRAL DIVISION

| | |
|---|---|
| SHAWN SCHWEITZER,<br><br>Plaintiff,<br><br>vs.<br><br>MARTY LECOMPTE, INDIVIDUALLY,<br><br>Defendant. | 3:21-CV-03017-ECS<br><br><br><br>OPINION & ORDER GRANTING<br>MOTION TO DISMISS |

## I.  Background

On October 7, 2021, Shawn Schweitzer ("Schweitzer") filed a pro se complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Rehabilitation Act, and the Americans with Disabilities Act ("ADA") alleging harassment, discrimination, and retaliation against Xavier Becerra, Secretary of the U.S. Department of Health and Human Services, and Elizabeth Fowler, Acting Director of Indian Health Service, both in their official capacities and Marty LeCompte ("LeCompte"), Schweitzer's supervisor, in his individual capacity. Doc. 1. Schweitzer also alleged intentional infliction of emotional distress against LeCompte. Id. at 9. Service was not made on Becerra or Fowler. See Docs. 6, 7. Service was executed on LeCompte. See Doc. 8.

On July 28, 2022, this Court entered an Order to Show Cause Why Dismissal Without Prejudice Should Not Enter as to Defendants Becerra and Fowler. Doc 9. Receiving no response from Schweitzer, this Court dismissed his claims against Becerra and Fowler without

1

prejudice on December 20, 2022. Doc. 10. This Court then entered an Order Requiring Explanation of Federal Jurisdiction and Answer on February 13, 2024. Doc. 11. There, this Court ordered Schweitzer to "file an explanation of what federal claim exists against his former supervisor individually to support this Court's jurisdiction." Id. at 2. That order was sent to Schweitzer electronically and to his mailing address that he provided this Court. See Docs. 11, 12. The mailed order was returned as undeliverable. Doc. 12. Schweitzer never responded to this order.

On March 7, 2024, the United States pursuant to 28 U.S.C. § 517[1] subsequently appeared in the matter, Doc. 18, and moved to dismiss the claims against LeCompte for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim, Docs. 15, 16. LeCompte joined in the government's motion. Doc. 19. Schweitzer never responded to the motion, which was filed over four months ago.

## II. Discussion

### A. The Government's Motion to Dismiss

Federal Rule of Civil Procedure 12(b) permits a party to file a motion to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.

#### 1. Federal Claims (Causes of Action I-III)

The government first asserts that this Court does not have subject matter jurisdiction over Plaintiff's first three causes of action under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). Doc. 16 at 1–3. They maintain that these claims are not supported by federal question

---

[1] This statute provides that "any officer of the Department of Justice, may . . . attend to the interests of the United States in a suit pending in a court of the United States . . . ."

2

jurisdiction because LeCompte is not an employer. Id. at 2. The government claims that for these same reasons this Court should also dismiss Schweitzer's complaint for lack of personal jurisdiction under Rule 12(b)(2) and for failing to state a claim under Rule 12(b)(6). Id. at 2–3.

To begin, this Court points out that Schweitzer's first three causes of action seem to arise under Title VII, the Rehabilitation Act, and the ADA. See Doc. 1 at 6–9. Further, the argument the government advances under Rules 12(b)(1) and 12(h)(3)[2]—whether LeCompte qualifies as an "employer"—is appropriately considered under Rule 12(b)(6). See Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006) (whether a defendant is an "employer" under Title VII is "an element of plaintiff's claim for relief, not a jurisdictional issue") (emphasis added); see also Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (acknowledging that three circuit courts have held "that there is no liability under Title I [of the ADA] against individuals who do not otherwise qualify as 'employers'"); Penn-Hicks v. United States Postal Serv., No. 18-0204-CV-W-BP, 2019 WL 13102031, at *2 (W.D. Mo. July 17, 2019) (With respect to the appropriate defendant, the Rehabilitation Act "adopts the framework of Title VII."). Accordingly, this Court applies Rule 12(b)(6)'s legal standard to the government's argument on Schweitzer's first three causes of action. See Burlison v. Mercy Hosp. S., No. 4:22-CV-01017-SEP, 2023 WL 4560796, at *1 (E.D. Mo. July 17, 2023).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2] "A Rule 12(h)(3) motion to dismiss is analyzed under the same standards as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction." Flute v. United States, Civ. No. 4:18-4112, 2019 WL 3325353, at *3 (D.S.D. Jul. 24, 2019) (citations omitted).

3

reasonable inference that the defendant is liable for the misconduct alleged." Ash v. Anderson Merchs., LLC, 799 F.3d 957, 960 (8th Cir. 2015). A court assessing such a motion must accept all factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010) (citation omitted).

Schweitzer's first three causes of action allege that LeCompte, in his individual capacity, and two other Defendants, who have since been dismissed from this case, violated Title VII, the Rehabilitation Act, and the ADA. Doc. 1 at 6–9. Because the two other Defendants have been dismissed from this case, Schweitzer's claims are solely against LeCompte—Schweitzer's supervisor—in his individual capacity.

Schweitzer's Title VII claims fail against LeCompte because "individual employees are not personally liable under Title VII." Swinson v. IUE-CWA Loc. 86821, Union, No. 24-1084, 2024 WL 3245327, at *1 (8th Cir. July 1, 2024) (quoting Spencer v. Ripley Cnty. State Bank, 123 F.3d 690, 691 (8th Cir. 1997)). Schweitzer's claims also fail under the Rehabilitation Act and the ADA for the same reasons. See Penn-Hicks, 2019 WL 13102031, at *2 ("Title VII and the Rehabilitation Act do not recognize a claim against the . . . Plaintiff's supervisor."); Alsbrook, 184 F.3d at n.8 (No individual liability under the ADA). Accordingly, Schweitzer failed to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (cleaned up). This Court grants the government's Rule 12(b)(6) Motion to Dismiss Schweitzer's first three claims.

Therefore, this Court need not address the government's additional grounds to dismiss these claims.

## 2. Intentional Infliction of Emotional Distress (Cause of Action IV)

The government next argues that, because the first three causes of action must be dismissed, this Court "does not have supplement[al] jurisdiction as to [Schweitzer's] state law claim of intentional infliction of emotional distress ('IIED')." Doc. 16 at 3.

Subject matter jurisdiction "may be raised at any time." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); Fed. R. Civ. P. 12(h)(3). "The power of federal courts to hear and decide cases is defined by Article III of the Constitution and by the federal statutes enacted thereunder." Karcher v. May, 484 U.S. 72, 77 (1987). The plaintiff, as the party asserting federal jurisdiction, bears the burden of establishing that federal jurisdiction exists. In re Business Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).

If a court has original jurisdiction in a civil action, that court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if it has supplemental jurisdiction over a claim, a court may nonetheless "decline to exercise supplement jurisdiction over a claim" if the court "has dismissed all claims over which it has original jurisdiction . . . ." § 1367(c).

"[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims." Arbaugh, 546 U.S. at 514; see also Clark v. Iowa State Univ., 643 F.3d 643, 645 (8th Cir. 2011) ("A dismissal for failure to state a claim involves an exercise of original jurisdiction, so the court had authority to exercise supplemental jurisdiction over a state-law claim derived from a common nucleus of operative fact.").

Given the dismissal of Schweitzer's other claims, this Court declines to exercise any supplemental jurisdiction it might have over his state-law IIED claim pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, this Court grants the government's Motion to Dismiss Schweitzer's IIED claim.

### III.   Conclusion

For the reasons stated above, and the record as it now exists before this Court, it is

ORDERED that the government's Motion to Dismiss, Doc. 15, is granted. It is further ORDERED that all claims against LeCompte are dismissed.

DATED this 19th day of July, 2024.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE